UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| FRANK NALI, #449422, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-544 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| WILLIAM C. WHITBECK, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Pugsley Correctional Facility located in Kingsley, Michigan. (docket # 22). The defendant is Chief Judge William C. Whitbeck of the Michigan Court of Appeals. The event giving rise to this lawsuit is Chief Judge Whitbeck's November 9, 2005 order dismissing plaintiff's appeal in *Nali v. O'Brien*, No. 265895 (Mich. Ct. App. Nov. 9, 2005). (docket # 1, attachment).

On November 28, 2006, plaintiff filed this lawsuit in the United States District Court for the Eastern District of Michigan. On December 1, 2006, United States District Judge Nancy G. Edmunds held that venue was not appropriate in the Eastern District and entered an order directing that the lawsuit be transferred to this court. The Eastern District electronically transferred plaintiff's case to this court on June 6, 2007. On July 17, 2007, this court entered an order permitting plaintiff to proceed *in forma pauperis*. (docket # 11). The court has since learned that plaintiff was barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) because plaintiff had filed three or

more lawsuits dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, the court will vacate its order granting plaintiff leave to proceed *in forma pauperis*. Plaintiff will be ordered to pay the $350.00 civil action filing fee within thirty days of this memorandum opinion and accompanying order, and if plaintiff fails to do so, the court will order that his action be dismissed without prejudice. Even if the case is dismissed, plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002). All other proceedings in this case will be held in abeyance.

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners-many of which are meritless-and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis* ] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in section 1915(g), is express and unequivocal. "The three-strikes rule, in an effort to lessen the crush of frivolous prisoner filings in the federal courts, precludes prisoners -- unless they face imminent danger of serious physical injury -- from proceeding IFP if they have had three prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Pointer v. Wilkinson*, 502 F.3d 369, 370 (6th Cir. 2007).[1]

On February 26, 2003, plaintiff was convicted of extortion in Wayne County Circuit Court and was subsequently sentenced to a term of 4 years and 2 months-to-20 years' imprisonment. *See Nali v. Harris*, No. 05-1367 (6th Cir. Sept. 20, 2005) (discussing plaintiff's underlying criminal conviction within the context of affirming a district court decision summarily dismissing pursuant to 28 U.S.C. § 1915(e)(2) plaintiff's civil lawsuit for damages against his defense counsel under 42

---

[1] The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Pointer v. Wilkinson*, 502 F.3d at 377-78; *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002); *Higgins v. Carpenter*, 258 F.3d 797, 798 (8th Cir. 2001); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir.1997).

U.S.C. §§ 1983, 1985). During his imprisonment, plaintiff has been an active litigant in the federal courts. Before he filed this lawsuit on November 28, 2006, plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted":

(1) *Nali v. Macomb Corr. Facility, et al.*, No. 2:03-cv-73205 (E.D. Mich. June 8, 2004);[2]

(2) *Nali v. Harris*, 2:05-cv-70077 (E.D. Mich. Feb. 17, 2005);[3] and

(3) *Nali v. City of Grosse Pointe Woods*, et al., No. 1:04-cv-10235 (E.D. Mich. July 20, 2006).[4]

---

[2]Plaintiff's complaint in case number 2:03-cv-73205 named eight defendants. Plaintiff's claims against half of the defendants were dismissed by the court with prejudice for failure to state a claim. His claims against the other four defendants were dismissed without prejudice for lack of exhaustion. Plaintiff's inclusion of unexhausted claims in his complaint did not insulate the dismissal of his other claims from counting as a strike. Because plaintiff's complaint was dismissed in part "for failure to state a claim or other grounds stated in § 1915(g), the dismissal counts as a strike." *Pointer*, 502 F.3d at 376.

[3]In *Nali v. Harris*, plaintiff claimed that his attorney had "conspired with the trial judge and the prosecutor to 'deprive [him] of equal protection of the laws and equal privileges under the laws' during his criminal proceeding." *Nali v. Harris*, No. 05-1367, at * 1. The district court summarily dismissed plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). The United States Court of Appeals for the Sixth Circuit agreed with this disposition and dispatched plaintiff's appeal in a very brief, unpublished order. It is unclear whether this court should count plaintiff's appeal in *Nali v. Harris* as a strike. In the absence of more specific guidance from the Court of Appeals, only the district court dismissal, and not the appeal, has been counted as a strike against plaintiff in this case.

[4]After plaintiff filed his complaint in this case, he filed two additional lawsuits that the court has dismissed for failure to state a claim: *Nali v. DeBoer, et al.*, No. 1:06-cv-721 (W.D. Mich. Dec. 11, 2006 and *Nali v. Ekman, et al.*, 2:07-cv-87 (W.D. Mich. Nov. 15, 2007). These cases are not counted against plaintiff in this opinion, but they will count as "strikes" against plaintiff in any appeal that he may attempt to pursue in this case and in any future lawsuits.

Plaintiff's allegations do not fall within the narrow statutory exception to the three-strikes rule. Plaintiff's claims involve the constitutionality of a state filing-fee requirements and do not involve imminent danger of serious physical injury.

## Conclusion

Section 1915(g) prohibits plaintiff from proceeding *in forma pauperis* in this action. The court's July 17, 2007 order granting plaintiff to proceed *in forma pauperis* will be vacated. Plaintiff will have thirty days from the date of entry of the accompanying order to pay the entire civil action filing fee, which is $350.00. If plaintiff fails to pay the filing fee within the thirty-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee. If plaintiff pays the filing fee, the court's stay will be lifted and the court will address the merits of defendants' pending motion to dismiss (docket # 14) and plaintiff's motion (docket # 22) requesting leave to file an amended complaint adding Chief Judge William E. Collette of the Ingham County Circuit Court as a defendant based on Chief Judge Collette's November 2007 ruling on plaintiff's request for judicial review of a decision of the MDOC's hearing division.


Date:     January 11, 2008            /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE