UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

FRANK NALI, #449422,        )
            )
          Plaintiff,    )    Case No. 1:07-cv-544
            )
v.              )    Honorable Robert J. Jonker
            )
WILLIAM C. WHITBECK,    )
            )    **REPORT AND RECOMMENDATION**
         Defendant.    )
            )

      This is a civil action brought *pro se* by a state prisoner under 42 U.S.C. § 1983.  The defendant is William C. Whitbeck, Chief Judge of the Michigan Court of Appeals.  Chief Judge Whitbeck's November 9, 2005 order dismissing plaintiff's appeal in *Nali v. O'Brien*, No. 265895 (Mich. Ct. App. Nov. 9, 2005) gives rise to this lawsuit.  Plaintiff alleges that Mich. Comp. Laws § 600.2963(8), upon which Judge Whitbeck's order was premised, is "facially" unconstitutional, and that defendant's order violated plaintiff's rights by depriving him of his "rights to access the courts and his rights under the Fourteenth Amendment of due process and equal protection." Plaintiff's complaint requests declaratory and injunctive relief.  The complaint  fails to allege the capacity in which the defendant Whitbeck is sued.

      The matter is currently before me on defendant's motion to dismiss.  (docket # 14). Upon review, I  recommend that defendant's motion to dismiss be granted in part and denied in part. I recommend that defendant's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of

Civil Procedure for lack of personal jurisdiction be denied.  I recommend that defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure be granted and that plaintiff's complaint be dismissed.

### Applicable Standards

Defendant seeks dismissal of plaintiff's complaint pursuant to Rules 12(b)(1), (b)(2), and (b)(6) of the Federal Rules of Civil Procedure.

### 1.   Rule 12(b)(1)

Rule 12(b)(1) allows a defendant to seek dismissal for lack of subject-matter jurisdiction.  The Sixth Circuit recognizes two types of 12(b)(1) motions: a "facial" attack challenging the sufficiency of the plaintiff's factual allegations, in which all well-pleaded factual allegations in the complaint are taken as true; and a "factual" attack challenging the actual fact of subject-matter jurisdiction, which is analyzed under summary judgment standards.[1]  *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 324 (6th Cir. 1990).  In this case, defendant is making a facial attack against plaintiff's complaint, and for present purposes, plaintiff's factual allegations must be taken as true.

Federal courts are courts of limited jurisdiction and may exercise only those powers authorized by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*,

---

[1]The difference is often significant, because under a factual challenge the district court is empowered to weigh the evidence, and no presumptions apply to the truth of plaintiff's allegations. *See United States v. A.D. Roe Co.*, 186 F.3d 717, 721-22 (6th Cir. 1999).

511 U.S. at 377 (citations omitted).  The first and fundamental question presented by every case brought to a federal court is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  "Quite aside from whether the parties raise jurisdictional issues themselves--or even attempt to consent or agree to federal jurisdiction--federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction."  *Douglas v. E.G. Baldwin Assoc., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998).

**2.      Rule 12(b)(6)**

Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 519 (6th Cir. 2004).  The court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *See Roberts v. Ward*, 468 F.3d 963, 967 (6th Cir. 2006); *Flaim v. Medical Coll. of Ohio*, 418 F.3d 629, 638 (6th Cir. 2005).  While the standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *See Hughes v. Sanders*, 469 F.3d 475, 477 (6th Cir. 2006); *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006). Courts are not required to conjure up unpleaded allegations.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Hall v. Beast*, 116 F. App'x 557, 559 (6th Cir. 2004).  The court need not accept as true legal conclusions or unwarranted factual inferences.  *See  Mezibov v. Allen*, 411 F.3d

712, 716 (6th Cir. 2005).  *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even the lenient treatment generally given *pro se* pleadings has its limits.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *see Southeast Texas Inns, Inc.*, 462 F.3d at 671-72; *Mezibov*, 411 F.3d at 716.

Plaintiff elected to support his complaint with exhibits.  Plaintiff's exhibits have been considered in evaluating defendant's motion to dismiss, but have not converted the defendant's motion to dismiss into a motion for summary judgment.  *See* FED. R. CIV. P. 10(c); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007); *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 603-04 (6th Cir. 2005);  *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ("'In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'") (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### 3.    Rule 12(b)(2)

The Sixth Circuit's recent decision in *Air Products & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544 (6th Cir. 2007), summarizes the standards applicable to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction:

This court reviews de novo a district court's dismissal for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).  In the context of a Rule 12(b)(2) motion, a plaintiff bears

the burden of establishing the existence of jurisdiction.  *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989).  Where, as here, the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is "relatively slight," *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir.1988), and "the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal," *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991).  In that instance, the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh "the controverting assertions of the party seeking dismissal."  *Id.* at 1459.

503 F.3d at 549-50.

## Facts

On February 28, 2005, plaintiff filed a lawsuit in Wayne County Circuit Court "seeking relief for personal injuries against Mary O'Brien (Case No. 05-505805-CZ)."  (docket # 1, ¶ 7).  On September 26, 2005, the Wayne County Circuit Court dismissed plaintiff's *O'Brien* lawsuit.  On the date plaintiff filed his claim of appeal in *O'Brien*, plaintiff had a preexisting debt for appellate filing fees in *Nali v. Harris*, No. 265285.[2]  Generally, Michigan law prohibits a prisoner who has failed to pay outstanding fees from commencing a new appeal "until the outstanding fees . . . have been paid."  MICH. COMP. LAWS § 600.2963(8).  On November 9, 2005, Chief Judge Whitbeck entered an order dismissing plaintiff's appeal in *Nali v. O'Brien*:

---

[2]Plaintiff is serving a sentence of 4-years-and-2-months-to-20 years' imprisonment on his Wayne County Circuit Court conviction of extortion.  After his conviction and sentencing, plaintiff filed a civil lawsuit in Wayne County Circuit Court against Ira Harris, the attorney who had defended plaintiff in the criminal case.  The Wayne County Circuit Court granted Attorney Harris's motion for summary disposition.  Plaintiff pursued an appeal.  The Michigan Court of Appeals affirmed the lower court's grant of summary disposition, *see Nali v. Harris*, No. 258805, 2006 WL 740078 (Mich. Ct. App. Mar. 23, 2006), and the Michigan Supreme Court declined to grant discretionary review, *see Nali v. Harris*, 720 N.W.2d 282 (Mich. 2006).

Re: Frank Nali v. Mary O'Brien
Docket No. 265895
L. Ct. No. 05-505805-CZ

William C. Whitbeck, Chief Judge, acting under MCR 7.203(F)(1) and 7.216(A)(10), orders:

The claim of appeal and motion to waive fees are DISMISSED seeing as plaintiff failed to pay the outstanding fee of $364.42 in [*Nali v. Harris*,] Docket No. 258805. Under state law, a prisoner may not file another civil appeal or original action in this Court until such time that either the Department of Corrections remits or the prisoner pays the entire outstanding balance due in a previous civil action. MCL 600.2963(8).

(docket # 1, Ex. 1).

Plaintiff filed this lawsuit in the United States District Court for the Eastern District of Michigan. On June 6, 2007, the case was transferred here. Plaintiff's history of abusive federal court litigation precluded him from proceeding *in forma pauperis*. (docket # 24, *see* 28 U.S.C. § 1915(g)). Plaintiff has already paid roughly as much in federal filing fees as the disputed filing fee in state court giving rise to this case.

## Discussion

1. **The *Rooker-Feldman Doctrine* Bars Any "As Applied" Challenge to Judge Whitbeck's November 9, 2005 Order**

Under the *Rooker-Feldman* doctrine, this court lacks jurisdiction over any claim by plaintiff that he suffered injuries as a result of Judge Whitbeck's order dismissing plaintiff's appeal. This court does not possess direct oversight powers over Michigan's courts. *See Raymond v. Moyer*, 501 F.3d 548, 550-51 (6th Cir. 2007); *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003). The recourse available to plaintiff in response to an adverse decision of the Michigan Court of Appeals was to make an application for leave to appeal to the Michigan Supreme Court, and if necessary, to

seek a writ of *certiorari* from the United States Supreme Court.  It is patent that this court lacks

jurisdiction to review the state-court order plaintiff is attempting to challenge through this lawsuit.

*See District of Columbia Circuit Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983);

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Abbott v. Michigan*, 474 F.3d 324, 328

(6th Cir. 2007); *accord Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005);

*Davis v. United States*, 499 F.3d 590, 595 (6th Cir. 2007); *Pittmann v. Cuyahoga County Dep't of*

*Children & Family Servs.*, 241 F. App'x 285, 287 (6th Cir. 2007) ("If the source of the injury

[claimed] is the state court decision, then the *Rooker-Feldman* doctrine [] prevent[s] the district court

from asserting jurisdiction.").  Thus, any "as applied" challenge by plaintiff to Mich. Comp. Laws

§ 600.2963(8) must be dismissed.  *See Howard v. Whitbeck*, 382 F.3d 633, 640-42 (6th Cir. 2004).

### 2.    Eleventh Amendment Immunity

Eleventh Amendment immunity generally bars plaintiff's claims against defendant

in his official capacity.[3]  Reference to the state's immunity from suit as Eleventh Amendment

immunity is somewhat of a misnomer, because the phrase is "convenient shorthand" for "the

sovereign immunity of the States [that] neither derives from, nor is limited by, the terms of the

Eleventh Amendment" but is "a fundamental aspect of the sovereignty which the States enjoyed

---

[3]Rules 12(b)(1) and 12(b)(6) are recognized as appropriate grounds for dismissing claims barred by Eleventh Amendment immunity.  Generally, states assert their sovereign immunity defense by making a motion to dismiss pursuant to Rule 12(b)(1).  *See Nari v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 476 (6th Cir. 2006).  However, a dismissal pursuant to Rule 12(b)(6) for failure to state a claim because the defendant is entitled to Eleventh Amendment immunity is appropriate.  *See, e.g., Experimental Holdings, Inc. v. Farris*, 503 F.3d 514 (6th Cir. 2007); *Dixon v. Clem*, 492 F.3d 665 (6th Cir. 2007).  Furthermore, the Sixth Circuit recognizes that where Eleventh Amendment immunity is raised as an alternative basis for dismissal, "federal courts have discretion to address the Sovereign-immunity defense and the merits in whichever order they prefer." 443 F.3d at 477.

before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 712-13 (1999). A suit against a state officer in her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ernst v. Roberts*, 379 F.3d 373, 380 n.10 (6th Cir. 2004). The Michigan Court of Appeals is part of the judicial branch of state government and its employees are state employees. They are part of Michigan's "one court of justice" which constitutes a separate branch of state government. MICH. CONST. 1963, art. 6, § 1. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).

The well-recognized exception to the general rule is an action for prospective, non-monetary relief such as an injunction against a state officer in his or her official capacity[4] based upon a claim that the state officer's action is unconstitutional. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (*en banc*). The *Ex Parte Young*

---

[4]Plaintiff attempts to avoid defendant's Eleventh Amendment immunity by arguing that the "Defendant in this case is William Whitbeck, not Judge Whitbeck" because his complaint's caption is restricted to "William C. Whitbeck." (Plf. Brief at 2, docket # 16). Plaintiff's manipulative effort to avoid Eleventh Amendment immunity through the case's caption must be disregarded. "The real interests served by the Eleventh Amendment are not to be sacrificed to the elementary mechanics of captions and pleading." *Idaho v. Cour d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997); *see Barton v. Summers*, 293 F.3d 944, 951 (6th Cir. 2002). Furthermore, declaratory or injunctive relief against defendant Whitbeck as an individual, as opposed to the official holding judicial office, would avail plaintiff of no relief whatsoever. Private individuals do not enter court orders.

exception is narrow and extends only to <u>prospective</u> relief.  Plaintiff's request that this court order

defendant to reverse his previous orders in now dismissed state cases seeks <u>retrospective</u> relief that

is not available under the *Ex Parte Young* exception.  *Frew*, 540 U.S. at 437; *Earnst v. Rising*, 427

F.3d at 367.  This leaves plaintiff's claims for truly prospective relief.  "[J]udicial immunity is not

a bar to prospective injunctive relief against a judicial officer acting in [his] judicial capacity."

*Pulliam v. Allen*, 466 U.S. 522, 543-44 (1984); *see Bridges v. Collette*, No. 5:06-cv-46, 2008 WL

53771, at * 2 (E.D. Mich. Jan. 2, 2008).

### 3.    Plaintiff's Complaint Fails to State a Claim for Injunctive Relief

Plaintiff alleges that Judge Whitbeck's actions violated plaintiff's rights under 42

U.S.C. § 1983.  (docket # 1, ¶¶ 4, 17-20).  Section 1983 states, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any
> State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity, or other proper proceeding for redress, *except
> that in any action brought against a judicial officer for an act or omission taken in such
> officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree
> was violated or declaratory relief was unavailable.*

42 U.S.C. § 1983 (emphasis added).  Section 1983 expressly limits suits against judicial officers

sued in their official capacity for injunctive relief.  Injunctive relief may not be granted unless (1)

a declaratory decree was violated or (2) declaratory relief was unavailable.  Plaintiff has not alleged

that Judge Whitbeck's order violated any declaratory decree or that declaratory relief is unavailable.

Thus, plaintiff's complaint fails to state a claim on which injunctive relief can be granted against

defendant under section 1983.  *See Massey v. Stosberg*, 136 F. App'x 719, 720 (6th Cir. 2005);

*Kibbe v. Deegan*, Nos. 98-2296, 98-2076, 1999 WL 1045179, at * 2 (6th Cir. Nov. 9, 1999); *see also*

*Jacobs v. Mostow*, No. 06-4829-cv, 2008 WL 834128, at * 2 (2d Cir. Mar. 27, 2008); *Cantanzaro v. Cottone*, 228 F. App'x 164, 167 (3d Cir. 2007); *Williams v. Carney*, 157 Fed. Appx. 103, 105 (11th Cir.2005); *Brandon ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 198 (3d Cir. 2000); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999); *Shelton v. Seay*, No. 99-7020, 1999 WL 1101254, at * 2 (10th Cir. Dec. 6, 1999) (plaintiff must allege both § 1983 exceptions when bringing a claim for injunctive relief against a judge).

### 4.     Plaintiff's Complaint Fails to State a Claim for Declaratory Relief

Section 1983 is not itself a source of any substantive right, but merely provides a remedy for deprivation of rights that are elsewhere conferred by federal law. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1994). "Because Section 1983 is not itself a source of substantive rights, but only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a Section 1983 claim." *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 1828 (2007); *see Harris v. Detroit Pub. Sch.*, 245 F. App'x 437, 445 (6th Cir. 2007).

Plaintiff alleges that he was "deprived of the rights to access the courts and his rights under the Fourteenth Amendment of due process and equal protection by not being able to seek redress in the Michigan Courts."  (docket # 1, ¶ 19).  The Supreme Court has described the foundation of a prisoner's constitutional right of access to courts as being "unsettled." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  The Fourteenth Amendment's Due Process and Equal Protection Clauses and the First Amendment's Petition Clause have been identified by the Supreme Court as possible constitutional foundations for the right of access to courts. *Id.* at 415 n.12.

The right of access to courts is an ancillary right.  "However unsettled the basis of the constitutional right of access to courts, our cases rest on the recognition that the right is ancillary to the underlying claim, without which, a plaintiff cannot have suffered injury by being shut out of court."  *Christopher v. Harbury*, 536 U.S. at 415.  The Supreme Court has held that a prisoner's constitutional right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement.  A prisoner fails to state a claim if he fails to allege facts sufficient to establish "actual injury" in his pursuit of a non-frivolous claim of the above-referenced types.[5]  *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *see also Smith v. Campbell*, 113 F. App'x 85, 87 (6th Cir. 2004); *Clark v. Corrections Corp. of Am.*, 113 F. App'x 65, 68 (6th Cir. 2004); *Smith v. Campbell*, 113 F. App'x 85, 87 (6th Cir. 2004); *Scott v. Martin*, 112 F. App'x 409, 411 (6th Cir. 2004).  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  518 U.S. at 355.  Plaintiff is asserting a facial challenge to the constitutionality of a Michigan statute.  Because "actual injury" is a foundational element of any claim for interference with the "ancillary" right of access to courts, it is extraordinarily difficult to envision any viable "facial challenge" to a statute based on purported interference with a prisoner's access to courts.

"Facial challenges are disfavored . . . ."  *Washington State Grange v. Washington State Republican Party*, 128 S. Ct. 1184, 1191 (2008).  "Facial challenges are disfavored for several reasons.  Claims of facial invalidity often rest on speculation.  As a consequence, they raise the risk

---

[5]Even if plaintiff's "as applied" challenge to Mich. Comp. Laws § 600.2963(8) had survived defendant's motion to dismiss for lack of subject-matter jurisdiction, plaintiff's complaint would necessarily have to be dismissed for failure to state claim because plaintiff has not alleged facts establishing "actual injury."  *Lewis v. Casey*, 518 U.S. at 355.

of premature interpretation of statutes on the basis of factually barebones records.  Facial challenges also run contrary to the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. Finally, facial challenges threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution."  *Id.* (internal quotations and citations omitted).  A party asserting a facial challenge confronts a "heavy burden" in advancing his claim.  *See National Endowment for the Arts v. Finley*, 524 U.S. 569, 580 (1998); *see also D.A.B.E., Inc. v. City of Toledo*,  393 F.3d 692, 695 (6th Cir. 2005) ("Sustaining such a facial challenge is a 'heavy burden.'") (quoting *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470,  501 (1987)).  If a facial challenge is upheld, the statute cannot be enforced against anyone.  By contrast, a challenge to a statute as applied is an attack upon the statute's application only to the party before the court.  If the challenge is successful, the statute may not be applied to the challenger, but is otherwise enforceable.  *See Ross v. Duggan*,  402 F.3d 575, 583 (6th Cir. 2004); *Amelkin v. McClure*, 205 F.3d 293, 296 (6th Cir. 2000).

Because plaintiff is making a facial challenge to Mich. Comp. Laws § 600.2963(8), plaintiff is required to show that "no set of circumstances exists under which the Act would be valid."  *Ohio v. Akron Center for Reproductive Health*, 497 U.S. 502, 514 (1990); *see Stenberg v. Carhart*, 530 U.S. 914, 1019 (2000)*; United States v. Salerno*, 481 U.S. 739, 745 (1987) (for a facial challenge to succeed, there must be no circumstance in which the statute is constitutional); *see also Rosen v. Goetz*, 410 F.3d 919, 933 (6th Cir. 2005).  Plaintiff has not addressed much less satisfied this demanding standard.

-12-

On April 26, 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996).  The PLRA was "'aimed at the skyrocketing numbers of claims filed by prisoners - many of which are meritless - and the corresponding burden those filings have placed on the federal courts.'  *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997). For that reason, Congress put into place economic incentives to prompt a prisoner to 'stop and think' before filing a complaint [or appeal].  *Id.*"  *Bills v. Hofbauer*, No. 2:07-cv-247,  2008 WL 203388, *1 (W.D. Mich. Jan. 22, 2008); *see Pointer v. Wilkinson*, 502 F.3d 369, 370 (6th Cir. 2007); *Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001) ("[T]he PLRA forces prisoner[s] to confront the same considerations as other civil litigants."); *Wilson v. Yaklich*, 148 F.3d 596, 604-05 (6th Cir. 1998); *Hampton v. Hobbs*, 106 F.3d at 1284-88; *see also White v. Paskiewicz*, 89 F. App'x 582, 583 (6th Cir. 2004). The State of Michigan, following the lead of the federal PLRA, enacted Mich. Comp. Laws § 600.2963, which imposes similar economic incentives.  Michigan's prisoners, like other litigants, are now required to "stop and think" before filing another lawsuit or appeal in the state courts.

Plaintiff claims that Mich. Comp. Laws § 600.2963(8) is facially invalid:

> MCL 600.2963(8) is unconstitutional because it prevents plaintiff from filing any future claims.  Plaintiff intended to appeal to the Michigan Supreme Court his lower court decisions, but plaintiff will be faced with the same problem, namely, the payment of an initial filing fee and the prior balance which he cannot pay.  Plaintiff is doomed from the very onset without any chance of victory even when the victory would be his.  This is a fundamental violation.

(docket # 1, ¶ 15).  Plaintiff falls well short of alleging that there is "no set of circumstances exists" under which Mich. Comp. Laws § 600.2963(8) would be valid.  *See Lewis*, 518 U.S. at 354-55; *see*

*also Hampton v. Hobbs*, 106 F.3d at 1284-88.  The relevant sections of the statute provide as follows:

> (7) For purposes of this section, the fact of a prisoner's incarceration cannot be the sole basis for a determination of indigency.  However, this section shall not prohibit a prisoner from commencing a civil action or filing an appeal in a civil action if the prisoner has no assets and no means by which to pay the initial partial filing fee.  If the court, pursuant to court rule, waives or suspends the payment of fees and costs in an action described in subsection (1) because the prisoner has no assets and no means by which to pay the initial partial filing fee, the court shall order the fees and costs to be paid by the prisoner in the manner provided in this section when the reason for the waiver or suspension no longer exists.

> (8) A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid.

MICH. COMP. LAWS § 600.2963.  Section 8 generally requires prisoners to pay outstanding fees and costs before "commenc[ing] a new civil action or appeal."  Only the narrow class of non-frivolous prisoner claims in direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement" are constitutionally protected under a prisoner's ancillary right of access to courts.  The challenged statutory provision can and does restrict the ability of Michigan's prisoners to engage in the non-protected conduct of abusing the State's court system by filing seriatim meritless or frivolous lawsuits and appeals.

Furthermore, section 7 provides for an exception to the general rule established in section 8.  A viable facial challenge to the statute cannot be based on reading selected excerpts of a statute out of context.  *See Bridges v. Collette*, No. 5:06-cv-46, 2008 WL 53771, at * 3 (W.D. Mich. Jan. 2, 2008) (Enslen Senior J.) (rejecting a prisoner's claim that Mich. Comp. Laws § 600.2963(8) was facially invalid because that section "must be read *in pari materia* with section 600.2963(7)").  The Sixth Circuit recently has recognized that section 7 and Michigan's court rules

-14-

authorize waivers of fees required under section 8.  "Mich. Ct. R. 2.002(D) [] provides: 'If a party shows by ex parte affidavit or otherwise that he or she is unable because of indigency to pay fees and costs, the court shall order those fees and costs either waived or suspended until the conclusion of the litigation.'  Thus, it appears to us that the Michigan courts have the discretion to waive fees that would otherwise be required by Mich. Comp. Laws § 600.2963.  Accordingly, the Michigan courts made discretionary judicial decisions by deciding not to grant [plaintiff] fee waivers."  *Howard v. Whitbeck*, 212 F. App'x. 421, 425 n.2 (6th Cir. 2007).

For the reasons set forth above, I find that plaintiff's complaint fails to state a claim for declaratory relief against the enforcement of Mich. Comp. Laws § 600.2963(8) as facially unconstitutional.

**5.      Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

An abbreviated discussion of defendant's Rule 12(b)(2) motion is appropriate.  Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal of claims for "lack of jurisdiction over the person."  The defendant is a Michigan judge.  Defendant does not claim any defect in the service of plaintiff's complaint and the summons from the United States District Court for the Western District of Michigan.  Defendant makes a passing argument that the Sixth Circuit "has determined that Eleventh Amendment immunity should be treated like personal jurisdiction," citing *Ku v Tennessee*, 322 F.3d 431, 432-35 (6th Cir. 2003), and thus, "defendant moves for dismissal of Plaintiff's Complaint under Rule 12(b)(2)."  (Def. Brief at 6, docket # 14).  Defendant's attorney has conflated distinct legal concepts.  Objections to personal jurisdiction can be waived by the litigation conduct of a party.  Objections to subject-matter jurisdiction cannot, and must even be

raised *sua sponte* by the court.  In *Ku*, the Sixth Circuit observed that, like objections to personal jurisdiction, Eleventh Amendment immunity can be waived by a defendant's litigation conduct.  The Court of Appeals held that by "appearing [in federal court] without objection and defending on the merits in a case over which the district court otherwise ha[d] original [subject-matter] jurisdiction [was] a form of voluntary invocation of the federal court's jurisdiction that [was] sufficient to waive a State's defense of Eleventh Amendment immunity."  332 F. 3d at 435.  Tennessee's Eleventh Amendment immunity had been waived because the state had not asserted its immunity in timely fashion.  *Id.*  The Sixth Circuit's opinion did not mention Rule 12(b)(2), much less hold that claims barred by Eleventh Amendment immunity should be dismissed pursuant to that rule.  Defendant's Rule 12(b)(2) motion, challenging the exercise of personal jurisdiction by the United States District Court for the Western District of Michigan over the chief judge of the Michigan Court of Appeals, is unworthy of further discussion.

## Recommended Disposition

For the reasons set forth herein, I recommend that defendant's motion to dismiss (docket # 14) be granted in part and denied in part.  I recommend that defendant's motion to dismiss pursuant to Rule 12(b)(2) be denied.  I recommend that defendant's motion to dismiss pursuant to Rules 12(b)(1) and (b)(6) be granted, and that plaintiff's complaint be dismissed.

Dated:  May 1, 2008          /s/  Joseph G. Scoville
                            United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).