UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI,

        Plaintiff,

                                                  CASE NO. 1:07-CV-544

v.

                                                  HON. ROBERT J. JONKER

WILLIAM C. WHITBECK,

        Defendant.
_____/

## ORDER

      The Court has reviewed Magistrate Judge Scoville's Report and Recommendation (docket # 31) and Plaintiff Frank Nali's Objections to the Report and Recommendation (docket # 33).

      Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Scoville's Report and Recommendation is factually sound and legally correct.

Mr. Nali first objects that the Report and Recommendation ignores Mr. Nali's challenge of MICH. COMP. LAWS § 600.2963(8) as facially unconstitutional. There is absolutely no basis for Mr. Nali's assertion that the Report and Recommendation overlooks this claim. On the contrary, the Report and Recommendation considers in detail Mr. Nali's argument that the statute is facially unconstitutional. (*See* Report and Recommendation, docket # 31, at 11-15.) The Magistrate Judge thoroughly analyzed and properly applied the law pertaining to this claim.

Next, Mr. Nali objects to the Magistrate Judge's discussion of Eleventh Amendment immunity. He argues that the Magistrate Judge erroneously assumed that Mr. Nali was suing Mr. Whitbeck in his official capacity. Mr. Nali reasons that because he named William Whitbeck, not Judge Whitbeck, as defendant, he sued him in his individual capacity. The Report and Recommendation explicitly rejects this argument, and the Court agrees. (*See* Report and Recommendation, docket # 31, at 8, n. 4.)

Mr. Nali goes on to object to the Report and Recommendation's discussion of the right of access to the courts. The Report and Recommendation correctly explains that the right of access to the courts is ancillary; there is no right of access to the courts in the absence of an underlying claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). As the Report and Recommendation points out, it would be extremely difficult to demonstrate an underlying claim to a facial challenge to a statute based on interference with a prisoner's access to courts. Nonetheless, Mr. Nali argues that he has established such an underlying claim, which is that the denial of access to the courts

violates individuals' rights under the First Amendment. Mr. Nali is mistaken, however. A prisoner's constitutional right of access to the courts is limited to direct appeals, habeas petitions, and certain civil rights actions under 42 U.S.C. § 1983. *Lewis v. Casey*, 518 U.S. 343, 353 (1996).

Mr. Nali expresses disagreement with the Magistrate Judge's discussion of MICH. COMP. LAWS § 600.2963(7) and (8) and Mich. Ct. R. 2.002(D), but he does not appear to raise an objection to the Report and Recommendation based on his contrary interpretation. Similarly, although Mr. Nali asserts that Judge Whitbeck failed to read MICH. COMP. LAWS § 600.2963(7) and (8) *in pari materia*, he does not appear to raise an objection to the Report and Recommendation based on this assertion. To the extent that the disagreements are intended to be formal objections, the court rejects them and adopts the Magistrate Judge's analysis as the proper interpretation of the law.

The Court finds the Report and Recommendation factually sound and legally correct, and, for the reasons discussed above, it finds Mr. Nali's objections to the Report and Recommendation unpersuasive.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 31) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**; and

2. The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: December 22, 2008      /s/ Robert J. Jonker
                                                                     ROBERT J. JONKER
                                                                     UNITED STATES DISTRICT JUDGE